UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| PETER THROUMOULOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 05-223-P-H |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDED DECISION ON DEFENDANT'S MOTION TO DISMISS**

In 2002, Peter Throumoulos filed a civil action against Wal-Mart in the Maine District Court, requesting damages for a personal injury he allegedly suffered at a Wal-Mart store in 2001. Wal-Mart removed that action to this Court and this Court entered summary judgment in favor of Wal-Mart in May 2003. The First Circuit Court of Appeals affirmed. The Supreme Court denied Throumoulos's petition for a writ of certiorari. In July 2005, Throumoulos filed a new civil action against Wal-Mart in state court based on the same underlying incident and injury, but alleging a products liability theory not raised in the earlier action. Wal-Mart removed the action to this Court and has filed a motion to dismiss the suit based on the doctrine of res judicata. I recommend that the Court grant the motion.

**Facts**

On or about December 17, 2002, Peter Throumoulos filed a complaint in Maine District Court against Wal-Mart, alleging that Wal-Mart negligently failed to maintain a specific toilet bowl seat cover located in the "first stall, to the right after entrance" in an unspecified restroom facility in a Wal-Mart store and that this negligence cause him to suffer a personal injury on May

5, 2001.  (Mot. to Dismiss Ex. A.)  On May 30, 2003, Judge Hornby entered summary judgment on that action (removed to federal court by Wal-Mart based on diversity jurisdiction) based on a finding that the undisputed factual record (Throumoulos failed to oppose the summary judgment motion) entitled Wal-Mart to judgment as a matter of law.  (Id. Ex. B.; see also Ex. C.)  On December 31, 2003, the First Circuit Court of Appeals affirmed the entry of summary judgment.  (Id. Ex. D.)  Finally, in a letter dated June 21, 2004, William K. Suter, Clerk of the United States Supreme Court, informed Wal-Mart's counsel in the prior action that the Supreme Court denied Throumoulos's petition for writ of certiorari.  (Id. Ex. E.)

In the present action, filed in state court in July 2005, Throumoulos again complains of a May 5, 2001, incident involving "one public toilet bowl seat cover . . . located in the Wal-Mart Men's Restroom, first stall, to the right after entrance."  (Compl., Docket No. 1, Ex A.)  He also describes the same injury.  (Id.)  The only modification to his action consists of his claim that the toilet seat was a defective product, albeit one presumably not for sale to Wal-Mart customers.  (Id.)

## Discussion

Wal-Mart's motion to dismiss is premised on an affirmative defense that the action is barred by the doctrine of res judicata, Latin for "a thing adjudicated."  The defense is appropriately raised in a motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Banco Santander de P.R. v. Lopez-Stubbe, 324 F.3d 12, 16 (1st Cir. 2003).  "Under the federal [common] law of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action."  Apparel Art Int'l, Inc. v. Amertex Enters. Ltd., 48 F.3d 576, 583 (1st Cir. 1995) (footnote omitted).  "Res judicata 'relieves parties of the cost and vexation of multiple lawsuits,

conserves judicial resources, and . . . encourages reliance on adjudication.'"  Breneman v. United States ex rel. FAA, 381 F.3d 33, 38 (1st Cir. 2004) (quoting Allen v. McCurry, 449 U.S. 90, 94, 66 L. Ed. 2d 308, 101 S. Ct. 411 (1980)).

"Two conditions must be met" in order for judgment to enter based on the defense:  (1) "the facts that establish the defense must be definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice," and (2) "the facts so gleaned must conclusively establish the affirmative defense."  Id.

The allegations contained in the instant complaint parrot those asserted in the prior action; both allege the same underlying incident and the same injury.  Both actions also involve the same parties.  The Court may take judicial notice of the identity between the two actions because it is readily ascertained from the instant complaint, the prior complaint and the case dispositive orders of this Court.  With this factual foundation established, the legal standard is whether (1) a final judgment was entered on the merits in the earlier proceeding, (2) "sufficient identicality" exists between the two actions and (3) sufficient identicality exists between the parties in the two actions.  Id.  The first element of the standard is established by this Court's earlier summary judgment decision and the Court of Appeal's memorandum of decision affirming it.  Id. at 16-17.  Satisfaction of the third element is patently obvious.  Finally, the second element is established, despite the assertion of a new theory of relief, because the Court must apply a "transactional approach," whereby sufficient identicality exists when the claims asserted in both actions "derive from a common nucleus of operative facts."  Breneman, 381 F.3d at 38 (citation omitted).

Throumoulos does not suggest that the instant action does not arise from the same set of operative facts or that he requests damages for the same injury to his person from the same defendant sued in the prior action. Instead, Throumoulos tangentially argues in opposition that Wal-Mart's removal of the action from state court and its motion to dismiss constitute violations of his constitutional rights to due process of law and to petition the government (presumably the Maine District Court) for relief. Throumoulos also charges Wal-Mart with a violation of 18 U.S.C. § 1509 for obstructing and interfering with his efforts to obtain a favorable judgment in the state court. (Mot. to Bar Def. from Removal of . . . Civil Case . . . and Via the Doctrine of Estoppel to Bar Same from Dismissal . . ., Docket No. 6.) This response is insufficient to overcome Wal-Mart's motion or to justify an amendment to Throumoulos's complaint. Throumoulos lacks standing to prosecute Wal-Mart under the federal criminal code (the complaint does not even remotely suggest a violation of 18 U.S.C. § 1509, in any event) and, although there are special exceptions to the general rule, the Constitution protects citizens against government action, not private action. Finally, even if Wal-Mart had not removed the action from state court, the doctrine of res judicata would apply with equal vitality there. See Conn. Nat'l Bank v. Kendall, 617 A.2d 544, 546-47 (Me. 1992).

## Conclusion

For the reasons state above, I RECOMMEND that the Court GRANT Defendant Wal-Mart's Motion to Dismiss (Docket No. 5.)

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

5

       Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                                             /s/ Margaret J. Kravchuk
                                                             U.S. Magistrate Judge

Dated December 13, 2005